UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTORRIAN HAWKINS,

    Petitioner,                      CRIMINAL NO.    03-80693
                                         CIVIL ACTION NO. 06-12914

vs.

                                         DISTRICT JUDGE JULIAN ABELE COOK
                                         MAGISTRATE JUDGE DONALD A. SCHEER
UNITED STATES OF AMERICA,

    Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION:  The instant Motion to Vacate, Set Aside, or Correct Sentence should be denied as Petitioner has shown no violations of his federal constitutional rights from alleged errors in his guilty plea proceedings.

\*   \*   \*

Petitioner, while a prisoner at the Federal Correctional Institute Gilmer in Glenville, West Virginia[1], filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on June 30, 2006, alleging violations of his federal constitutional rights to due process incident to his guilty plea before United States District Court Judge Julian Abele Cook.  As a result of a Rule 11 plea bargain agreement, which fully set forth the promises made by both parties,[2] the Petitioner pled guilty on November 29, 2004, to possession of

---

[1] Plaintiff is still incarcerated at FCI-Gilmer in Glenville, West Virginia.

[2] In consideration of the plea, the parties agreed that the maximum custodial sentence would not exceed 300 months. In addition, Petitioner agreed not to appeal the legality of the sentencing guidelines or challenge the accuracy of any factor stipulated to in the guideline worksheets. The district court later sentenced Petitioner to 300 months' imprisonment.  In exchange for the guilty plea, the government agreed to dismiss count 4 of the indictment, which alleged that Petitioner possessed marijuana with intent to

cocaine and cocaine base (crack) with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), and being a felon in possession of a firearm during a drug trafficking crime in violation of 21 U.S.C. §§ 922(g)(1) and 924(c). Petitioner was later sentenced to the custody of the Attorney General for a term of 300 months.  As promised in the Rule 11 plea agreement, Petitioner did not file an appeal with the Sixth Circuit Court of Appeals.

In his Motion to Vacate, Petitioner contends that there was an insufficient factual basis given for his plea, and that he received ineffective assistance of counsel prior to his guilty plea and later at sentencing. The Respondent filed an answer to the Motion to Vacate on December 28, 2006, contending that Petitioner's guilty plea served as an admission that he committed all the elements of the crime.  Alternatively, Respondent asserted that the overall performance of Petitioner's counsel was within the range of effective representation demanded of lawyers practicing criminal law, and that Petitioner had failed to demonstrate any prejudice resulting from alleged errors by trial counsel.  Petitioner filed a reply to Respondent's Answer on January 26, 2007, reiterating most of the same arguments contained in his habeas petition. Section 2255 provides that in an action to vacate or correct the sentence,[3] the court shall grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief . . . ."   The undersigned is

---

distribute.  That offense carried a mandatory minimum sentence of 120 months (See Rule 11 Plea Agreement at Docket #31).

[3]In order to prevail upon a section 2255 motion, the petitioner "must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceedings invalid." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001).

**2**

persuaded that there is no merit to the Petitioner's assertions that his guilty plea was involuntary, or that the plea or sentence resulted from incompetent advice of counsel.

GUILTY PLEA PROCEEDINGS

Petitioner argues that while Count Five of the Indictment charged a violation of the "use and carry" offense of 18 U.S.C. §924(c), the Plea Agreement and the factual basis during his plea colloquy addressed only the "possession in furtherance" of the same statute[4]. Hawkins claims that his guilty plea to both firearm offenses under § 924 was not voluntary because he pled "to a different crime other that what is in the indictment." (See p.5 of § 2255 Motion to Vacate).  He also maintains that his attorney was deficient in failing to correct this error.

By pleading guilty, however, Petitioner knowingly waived his right to have a trial by a jury, to be presumed innocent until proven guilty, and to have the prosecutor prove his guilt beyond a reasonable doubt. Since a plea of guilty constitutes a waiver of several constitutional rights, it consequently must be made voluntarily and intelligently.  Boykin v. Alabama, 395 U.S. 238, 242 (1969); Henderson v. Morgan, 426 U.S. 637, 648 (1976).  In particular, a "plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences."  Machibroda v. United States, 368 U.S. 487, 493 (1962), quoting Kercheval v. United States, 247 U.S. 220 (1927).  It has been stated that Boykin and Machibroda "set forth a three-pronged test:  The plea of guilty must be made voluntarily, it must be made after proper advice, and it must be made with

---

[4] As Hawkins correctly points out, section 924C charges two separate crimes.  In United States v. Combs, 369 F.3d 925 (6th Cir. 2004), the Sixth Circuit held that the statute criminalizes two distinct offenses as it relates to drug trafficking crimes: (1) using or carrying a firearm during and in relation to a drug trafficking crime, and (2) possessing a firearm in furtherance of a drug trafficking crime.  Id. at 930.

**3**

full understanding of the consequences." Henderson v. Morgan, 426 U.S. at 653. (Rehnquist, J., dissenting).  The determination of whether the guilty plea was voluntarily and intelligently made must be "based on a comprehensive examination of the totality of the circumstances." Berry v. Mintzes, 726 F.2d 1142, 1146 (6th Cir. 1984).

The record in this case clearly reveals that Petitioner's plea was knowing and voluntary; that he consented in open court to the terms of the plea agreement; that he understood the consequences of his guilty plea, including the possible prison sentence; and that he consciously chose to plead rather than to go to trial. The meticulous record does not reveal any breach of agreement or other impropriety in the administration of the plea agreement. At the plea hearing, Petitioner made it clear that he understood the proceedings, his rights, the charges, and the possible sentence he faced.  Specifically, Hawkins stated that he agreed with the prosecutor's recitation of the facts, which included the statement that the government would be able to prove that "in furtherance of that drug trafficking crime, Mr. Hawkins was in possession of two weapons[5]." (See Transcript of Guilty Plea Hearing, attached to Respondent's Answer to the Motion to Vacate). Petitioner also acknowledged that if the district court accepted the Rule 11 Plea Agreement, he could not later withdraw his guilty plea nor appeal his conviction (See p. 12-14 of Plea Agreement). Hawkins was assisted by counsel within the terms of the Sixth Amendment, and it is well settled that a voluntary and intelligent plea of guilty made by an accused

---

[5]As pointed out by Respondent, a review of the plea colloquy, as well as the Rule 11 plea agreement and guilty plea questionnaire, support the finding of a knowing and voluntary guilty plea to both sections of § 924(c). In the questionnaire, Hawkins was asked to set forth the details of his relevant criminal conduct, as it related to the case.  Petitioner wrote in response, "had crack cocaine >150 grams for sale, had powder cocaine >500 grams for sale, possessed 2 handguns in furtherance." (See Guilty Plea Questionnaire at Docket #30 at p. 4).

person, who has been advised by competent counsel, may not be collaterally attacked. Mabry v. Johnson, 467 U.S. 504 (1984). As the Supreme Court has noted, "[t]o allow indiscriminate hearings in federal post-conviction proceedings, whether for federal prisoners under 28 U.S.C. § 2255 or state prisoners under 28 U.S.C. §§ 2241-2254, would eliminate the chief virtues of the plea system -- speed, economy, and finality." Blackledge v. Allison, 431 U.S. 63 (1977).

INEFFECTIVE ASSISTANCE OF COUNSEL

In order to establish an ineffective assistance of counsel claim, Petitioner has the burden of demonstrating that (1) his attorney made serious errors which undermined the proper functioning of the adversarial process, and that (2) but for those errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant asserting a claim of inadequate counsel must satisfy both elements of the test; the defendant must demonstrate constitutionally inadequate assistance of counsel and prejudice resulting therefrom  Id. at 697. Judicial scrutiny of counsel's performance must be highly deferential, Id. at 689, and because of the difficulties in assessing counsel's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the (Petitioner) must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (citing Michel v. New York, 350 U.S. 91, 101 (1955)).

Petitioner has not met his burden here. Upon review, I am persuaded that he has failed to show any serious errors or prejudice resulting from his attorney's performance. Counsel negotiated the lowest sentence possible under the law (25 years) for the crimes

5

to which his client was accepting responsibility. Petitioner faced life in prison for his crack and cocaine trafficking offenses, up to 10 years for his marijuana trafficking offenses, up to 10 years on his felon in possession of a firearm offense, as well as a mandatory 5 years on the section 924(c) count, to follow whatever sentences he received on the other crimes. By negotiating the Rule 11 Plea Agreement, counsel for Hawkins saved his client from a possible life sentence.

Contrary to Petitioner's assertion that his waiver of appellate rights was not made knowingly or voluntarily, the Rule 11 Plea Agreement clearly sets forth the waiver of appellate rights, without condition (See ¶7 of Plea Agreement). Moreover, Hawkins specifically acknowledged the appellate waiver provision contained in the plea agreement (See p. 14 of Plea Hearing). Counsel negotiated a respectable plea in light of the evidence against Petitioner, and the claim that Hawkins was denied the effective assistance of counsel in connection with his guilty plea and sentencing should be rejected.

For all the foregoing reasons, then, the undersigned recommends that the Motion to Vacate, Set Aside, or Correct Sentence be denied. Given this recommendation, Plaintiff's Motion for Extension of Time to File Reply to the Government's Response to The § 2255 Motion (Docket #58) should be denied as moot. Plaintiff's Motion to Correct Reply (Docket #60) should be granted. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Cook's acceptance thereof is waived.

                                                  s/Donald A. Scheer
                                                  DONALD A. SCHEER
DATED: April 25, 2007               UNITED STATES MAGISTRATE JUDGE

_____

## CERTIFICATE OF SERVICE

    I hereby certify on April 25, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 25, 2007. **Antorrian Hawkins.**

                                            s/Michael E. Lang  
                                            Deputy Clerk to  
                                            Magistrate Judge Donald A. Scheer  
                                            (313) 234-5217