UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTORRIAN HAWKINS,

           Criminal No. 03-80693

    Petitioner,           Civil Action No. 06-12914

v.           Honorable Julian Abele Cook, Jr.
           Magistrate Judge Donald A. Scheer

UNITED STATES OF AMERICA,

    Respondent.

ORDER

This is a civil action in which the Petitioner, Antorrian Hawkins, has challenged the legal effectiveness of his plea agreement with the United States of America ("Government"). On June 30, 2006, Hawkins, in relying upon the provisions of 28 U.S.C. § 2255, filed a motion, seeking to have the sentence that had been imposed upon him by the Court vacated, set aside, or corrected.[1] In support of this pending motion, Hawkins contends that (1) his plea of guilt had neither been voluntarily nor intelligently proffered to the Court, and (2) his counsel had failed to provide him with effective legal advice during the criminal proceedings.

For the reasons that have been set fourth below, Hawkins' motion to vacate, set aside and correct the challenged sentence that had been imposed upon him will be denied.

---

[1] Hawkins was placed in the custody of the United States Bureau of Prisons for a period of three hundred months following the acceptance of his guilty plea by the Court.

1

I.

On April 25, 2007, a magistrate judge, to whom this motion had been submitted for an evaluation, produced a report in which he recommended, in summary, that the Court deny Hawkins' motion. In his report, the magistrate judge opined that (1) despite assertions to the contrary, Hawkins' did receive effective legal assistance from his counsel, and (2) his plea of guilt had been submitted voluntarily and intelligently to the Court.

According to the record in the underlying criminal litigation, law enforcement officers, acting upon the authority of a search warrant, searched Hawkins' home on July 10, 2003, and uncovered 539 grams of power cocaine, 171 grams of crack cocain, 457 grams of marijuana, a Luger C9, a 9mm pistol, and a Smith and Wesson Model 6886 .357 caliber revolver. On the basis of this newly-discovered contraband, Hawkins was arrested and subsequently indicted by a grand jury on five separate counts.[2]

Thereafter, and relying upon the content of a plea agreement with the Government under Fed.R. Crim. P. 11, Hawkins pled guilty to Counts one, two, three, and five of the indictment on November 29, 2004.[3] Subsequent to the submission and publication of his written answers to a plea questionnaire, and his recorded comments during a subsequent colloquy with the Court, Hawkins

---

[2] Count one charged Hawkins with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was charged under Count two with possession of cocaine with an intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Count three charged him with possession of cocaine base with an intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Hawkins was charged in count four with possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Finally, Count five charged him with carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924©.

[3] Subsequent to the acceptance of Hawkins' guilty plea and prior to the conclusion of the criminal proceeding, the Court dismissed Count four of the indictment, as recommended by the parties in their plea agreement.

explicitly and implicitly acknowledged that he was fully aware of (1) his fundamental rights as a defendant in a criminal action under the United States Constitution, (2) the charges that had been brought against him, (3) the parameters of his plea agreement with the Government, and (4) the penalties under the law that could be imposed upon him for the acts of criminal conduct, to which he had submitted an offer of guilt. Nonetheless, in his current motion to vacate, Hawkins maintains that (1) there was an insufficient factual basis for his guilty plea, thereby rendering this proffer of guilt involuntary and uninformed, and (2) he was ineffectively assisted by his counsel during the time period of his plea and, subsequently, during his sentencing.

II.

The federal statute, which has been cited by Hawkins as the basis for the relief that he seeks to obtain from the Court (to wit, 28 U.S.C.§ 2555), provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail in a motion under this statute, an aggrieved party, such as Hawkins, "must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir. 2001).

Hawkins contends that although Count five of the indictment charged him with a violation of the "use and carry"offense of 18 U.S.C. § 924©, the plea agreement and colloquy addressed only

3

the "possession in furtherance" portion of the same statute.[4] Thus, it is Hawkins' position that his plea of guilt was not voluntary inasmuch as he had pled to a criminal offense which is different than the criminal charge in the indictment. Furthermore, Hawkins submits that his counsel, who failed to correct this claimed error, failed to provide him with the requisite minimal legal assistance, as guaranteed by the United States Constitution.

It is axiomatic that a plea of guilt must be voluntarily and intelligently made. *Henderson v. Morgan,* 426 U.S. 367 (1976). Thus, when determining if a plea of guilt was made voluntarily and intelligently, a court must examine "the totality of the circumstances." *Berry v. Mintzes*, 726 F.2d 1142, 1146 (6th Cir. 1984). Typically, "a voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel, may not be collaterally attacked." *Marby v. Johnson*, 467 U.S. 504, 509. (1984).

Thus, the magistrate judge, believing that this motion was without merit, noted that Hawkins (1) had knowingly and intelligently consented to the efficacy of the plea agreement in open court, and (2) had subsequently informed the Court that he fully understood the nature of the proceedings, the scope of his fundamental constitutional rights, the charges of criminal misconduct against him, as well as the sentence being sought by the Government. Significantly, the magistrate judge did not find any support for Hawkins' contention that the record in this cause reflects an impropriety in the administration of the plea guilty phase of this criminal proceeding.

---

[4] The United States Court of Appeals for the Sixth Circuit has determined that 18 U.S.C. § 924© criminalizes two separate offenses in their relation to drug trafficking crimes; to wit, (1) the use or carrying of a firearm during, and in retaliation to, a drug trafficking crime, and (2) the possession of a firearm in furtherance of a drug trafficking offense. *United States v. Combs,* 369 F.3d 925, 930 (6th Cir. 2004).

III

In order to establish a good and sufficient basis for an ineffective assistance of counsel argument, a claimant must clearly demonstrate that (1) the errors by his counsel were so egregious in nature that they seriously affected the adversarial process, and (2) the errors "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court in *Strickland* recognized that a court must "indulge a strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 687.

Here, the magistrate judge concluded that Hawkins had failed to satisfy his burden of proof when advancing this ineffective assistance of counsel claim. Specifically, the magistrate judge noted that the Hawkins' counsel had successfully negotiated the lowest term of imprisonment possible for the criminal offenses, to which Hawkins subsequently pled guilty. Furthermore, the magistrate judge failed to find or report anything in the record which suggested a miscarriage of justice in at any level of the criminal proceeding.

IV

As a result of its review of the record in this cause, the Court is satisfied that there is sufficient basis upon which to determine that Hawkins had (1) voluntarily and intelligently entered into a plea agreement with the Government, and (2) received adequate legal assistance from his counsel during all of the times that are relevant to this motion. Accordingly, the Court will, and does, (1) adopt the recommendation of the magistrate judge, and (2) deny Hawkins' motion to vacate, set aside, or correct sentence.

IT IS SO ORDERED.

Dated: July 11, 2007                                          s/ Julian Abele Cook, Jr.
    Detroit, Michigan                                         JULIAN ABELE COOK, JR.
                                                                                       United States District Court Judge

## Certificate of Service

I hereby certify that on July 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                                                                     s/ Kay Alford
                                                                                                     Courtroom Deputy Clerk