UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTORRIAN HAWKINS,

        Petitioner,

v.                                                        Criminal No. 03-80693
                                                        Civil Action No. 06-12914

UNITED STATES OF AMERICA,

                                                        Honorable Julian Abele Cook, Jr.

       Respondent.


## ORDER

On June 30, 2006, the Petitioner, Antorrian Hawkins, acting without the benefit of an attorney, filed a motion in which he sought to have the three hundred month sentence that had been imposed against him by the Court vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. In support of this motion, Hawkins contended that (1) his plea of guilt had neither been voluntarily nor intelligently proffered to the Court, and (2) his counsel had failed to provide him with effective legal assistance during this criminal proceedings. On July 11, 2007, this Court denied his motion, after finding that the bases for his motion were, in essence, not supported by the record.[1] On August 17, 2007, Hawkins filed an appeal of this decision with the Court of Appeals for the Sixth Circuit.

However, as a condition to submitting a challenge of the efficacy of an order, an aggrieved petitioner - such as Hawkins - must seek and obtain a "Certificate of Appealability," as required

---

[1] On October 19, 2006, the Court referred this motion to Magistrate Judge Donald Scheer for a report and recommendation. On April 25, 2007, Judge Scheer filed his report which contained a recommendation that was subsequently adopted by the Court on July 11, 2007.

by 28 U.S.C. § 2253 and Rule 22(b) of the Federal Rules of Appellate Procedure.[2] Thus, in order for an aggrieved person to file an appeal to an appellate court from an adverse decision under 28 U.S.C. § 2255, a district court must issue a "Certificate of Appealability" pursuant to 28 U.S.C. § 2253(c), which states, in pertinent part, that:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     . . . .
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253(c).

In 2000, the Supreme Court held that "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 28 U.S.C. § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Three years later, the Supreme Court clarified this standard by stating that the holding in *Slack* "should not be misconstrued as directing that a [Certificate of Appealability] must always issue. . . . Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving of attention from those that plainly do not. It follows that issuance of a [Certificate of Appealability] must not be *pro forma* or a matter of course." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003); *Bradley v. Birkett,* 156 Fed.Appx.771, 773 (6th Cir. 2005).

An evaluation as to whether a guilty plea was voluntarily and intelligently proffered to a

---

[2] Rule 22(b) states that an applicant cannot appeal a 28 U.S.C. § 2255 decision "unless a circuit justice or a . . . district judge issues a [C]ertificate of [A]ppealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a [C]ertificate of [A]ppealability or state why a certificate should not issue." Fed. R. App. P. 22.

court must be "based on a comprehensive examination of the totality of the circumstances." *Berry v. Mintzes*, 726 F.2d 1142, 1146 (6th Cir. 1984).

In assessing Hawkins' argument, the record in this cause clearly indicates that (1) he verbally expressed his knowledge of, and consent to be abide by, all of the terms within the parties' guilty plea agreement, (2) he asserted that his guilty plea had been knowingly and voluntarily submitted to the Court by him, (3) he fully understood the consequences of his guilty plea, including the possible sanctions of imprisonment, and (4) he, after being advised of all of his fundamental rights under the United States Constitution, willingly and intelligently, elected to forgo these constitutional rights for the purpose of offering a guilty plea in lieu of a trial.

In summary, the Court determines that there is nothing in the record which would suggest that (1) there was any violation of his rights under the United States Constitution or some other impropriety in the administration of his guilty plea proffer, and (2) Hawkins was denied effective legal counsel at any time during the course of this legal proceeding. In the judgment of the Court, Hawkins has not made a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c). Moreover, and following its review of the entire record, the Court believes that (1) its rejection of Hawkins' argument was fully justified and legally correct, and (2) Hawkins has failed to satisfy the *Slack* standard which required him to demonstrate that "reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong."

Accordingly and for the reasons stated above, his application for the issuance of a "Certificate of Appealability" pertaining to the July 11, 2007 decision by the Court must be, and is, denied.

IT IS SO ORDERED.

Dated: October 29, 2007  
      Detroit, Michigan

s/ Julian Abele Cook, Jr.  
JULIAN ABELE COOK, JR.  
United States District Court Judge

Certificate of Service

      I hereby certify that on October 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s): Antorrian Hawkins, #31812-039, FCI - Milan, P.O. Box 1000, Milan, Michigan 48160.

s/ Kay Alford  
Courtroom Deputy Clerk